United States District Court
Middle District
Of
Florida
Orlando Division

FILED

2009 JUN 22 PM 1:03

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO

Mariam Malone Colette Martinez

      Plaintiff,                    Case No: 6:09-cv-802-Orl-22GJK

        v.

City of Orlando
Orlando Police Department
Officer Hall, Yong C.
Officer Arriage
Ashtin Leasing Inc., Ashley Horen Underwood, d/b/a Ace Metro Cab Company, d/b/a Quick Cab Company
Ace Cab Company Dispatcher/Supervisor on the night of (29 Aug 2008)
Bruisset Prevalon

      Defendants.

## Amended Complaint

Plaintiff, Mariam Malone Colette Martinez (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), pro se, Alleges as follows:

### Introduction

1. In 2008, 29 Aug, Plaintiff Mariam Malone Colette Martinez (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), was falsely arrested and imprisioned, Case # 48-2008-MM-009955-0.

2. The Plaintiff, is alleging the defendants, fraudulenty violated the Plaintiff Civil Rights. The Civil Rights Act of 1964, (201),(202),(203),(303).

3. That they (the defendants), collectively (et al.), violated her United States Constitutional Rights, with added focus on the 4th and 14th:

      42 USCA § 1981,  (a), (b),(c), (165),(351).
      42 USCA § 1983,  (394).
      18 USCA         (144),(154),(241),(242).
        § 287,  (4),(16),(18).
        § 1962,  (d),(1),(13),(61).
        § 13,    (1),(2),(3),(18).
        §4,     (2).
      42 USCA §1985,  (1),(2),(3),(5).
      26 USCA
       4 USCA
      14 USCA
      28 USCA §1331,§1367, (a).

4. The plaintiff, alleges the wrongful conviction, defamation of chacter, was the result of misrepresentation and intentional misconduct by the Defendants.

5. The plaintiff, is requesting and demanding judgment, in her favor and civil remedy in monumental restitution.

### Jurisdiction and Venue

6. The action, is brought pursuant to 42 U.S.C.A, Section 1983, to redress the deprivation and intentional misrepresentation, under color of law, of the Plaintiff's rights as secured by the United States Constitution. The action, is also brought pursuant, 42 USCA Section 1981, 1985, as well as, the Civil Rights Act of 1964.

7. The Courts has jurisdiction, pursuant to 28 U.S.C.A, §§1331, 1367, (a), §1391, (a),(b),(c),(d). The parties reside/work in the Judicial District, and the events giving rise to the claims asserted herein or occurred there as well.

### The Parties

8. The Plaintiff, Mariam Malone Colette Martinez (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), is a Ciziten of the United States of America.

9. The Defendant, the City of Orlando, is a municipality an entity that employs or employed the Defendant Officers. Officer Hall (16126) and Officer Arriage (15958).

10. The Defendant, Ashley Horen Underwood, Ashtin Leasing Co. Inc., d/b/a Ace Cab Company, /d/b/a Quick Cab Company, a private company that is owned, employs and or employed Defendants, the Supervisor/Dispatcher 29 Aug 2008, and the cab driver Bruisset Prevalon.

11. At all times, relevant and known to the plaintiff hereto, the Defendant Y.C Hall (16126), and Arriage (15958), was an Police Officer/Law Enforcement Officer in the Orlando Police Department. The Defendants, acted under of color of law and with the scope of his employment, during the investigation of the police misconduct issue.

### Background

12. Plaintiff was born in Chicago, a Citizen of the United States, moved to Florida in the 1990's. She recently returned to Orlando after returning to Chicago for College – plaintiff has plains to attend Rollins College in Winter Park, Fl..

13. The Plaintiff had been on her way to work, she was an employee of, Eagle International, 393 Center Pointe Circle Suite # 1459, Altamonte Springs, Fl. 32701.

14. The Plaintiff, was arrested for the misrepresented claim of attempting to theft a taxi cab service.

15. The Plaintiff has walked to work / was a bus to work and found that her pre-paid bus pass was missing. She had gone to purchase a new bus pass at the Lynx Bus Company, however, was informed that the American Express (Pre-Paid) Gift Card, was not excepted. The bus company only excepts Discovery/Visa.

16. The Plaintiff, prior to hiring the "Ace Cab/Quick Company, had called another taxi Service "Mears". However, they had been very busy that night and the Plaintiff, had waited over an hour, for their service. Prior to ordering their services, she had asked if they excepted American Express Pre-Paid Cards.

17. The Plaintiff, having noticed the other, an Ace Taxi, go by flagged down the next one she had noticed. Prior to hiring the taxi, the Plaintiff, asked the driver B. Pervalon if his company excepted American Express – that she had a pre-paid card. He stated that he did not have his credit card machine/however, confirmed he was able to call in the information.

18. The Plaintiff, then hired the taxi cab and requested, he take the shortest route, to her place of then legal employment. She wanted to prevent, the taxi cab driver from taking her for a "ride"- she had her funds budgeted and did not want to be indebt.

19. After arriving, at the Plaintiffs place of legal employment, the Plaintiff, request a credit card receipt, to assist the driver by writing down the information and handed him her American Express (pre-paid) Gift Credit Card. During the trip, the Plaintiff had mentioned to the driver, that she was a Paralegal Student and was working as a Security Guard, for College funds. She had request a business card – a few nights prior, a number of guest/tenents, where she had been assigned, had been waiting for hours for cabs. She, had not wanted for the inconvenience to re-occur. Some, of the guests where International Students, who resided on the Real Estate Property and worked at Universal – some distance away.

20. The Defendant, informed the Plaintiff, that her American Express (pre-paid) Gift Card was declined.

21. The Plaintiff, called the American Express Customer Assistance Line (since, she had just made a purchase – she knows she still had funds - she handed the driver her second card), they verified that she had enough on both cards to pay for the taxi cab service.

22. The taxi cab company dispatcher/supervisor, refused to re-process the pre-paid cards as a split transaction/had not known how to at that time.

23. The taxi cab company driver and the supervisor, argued over how to process the cards – the Plaintiff then got out of the cab and called the American Express (pre-paid) Gift Card Customer Assistance Line in order to re-verify the amount on the second card. They confirmed the amount was enough.

24. As the defendants were at that time, still arguing on how to re-process the American Express (pre-paid) Gift Cards – the Plaintiff called the American Express Customer Service Assistance Line – she obtained information on the correct process in order to process for split transactions.

## Background Continued

25. She, then proceeded to relay, the information, to the taxi cab driver almost verbatim.

26. The Plaintiff, was told, that in order for the vendor (the Ace Cab Company), to collect for the service fee, they would have to process the smaller amount first, then the larger amount – in order to collect for the entire fee. One of the cards had $18.60 on it, the other $8.64 at that time. [see exhibit 3,4,5,6,21].

27. The Plaintiff alleges the defendants conspired to deprive the Plaintiff a Citizen of North America, Legal Revenue/Income, as well as, her legal presecdented rights for reasons beknownst to them.

28. The Plaintiff, having never been arrested and acquitted of the allegations of theft of a taxi cab service – had no knowledge of the factual reasons behind the arrest.

## The Crime at Issue

29. The Plaintiff, was accused of attempting to theft of a taxi cab service, by Ace Cab Company/ d/b/a Quick Cab Company's, Dispatcher/Supervisor and Driver on the night of 29 Aug 2008. And arrested Due to Police Misconduct, and falsified affidavits.

## The False Cases Against Plaintiff

30. As per the background, the Plaintiff was on her way to work. The Defendants, claimed her American Express (Pre-Paid) Gift Card had declined. She, had verified that the cards and its funds were collectable. The driver, had been argued that he had "just called and there was money on the card". The driver and his supervisor had been arguing over the issue.

31. During the questioning, O.P.D Officer Hall (16126), attempted to force the defendant into extorting funds from her co-workers and tenants that had gathered. She refused, having had explained that there were legal funds on the pre-paid credit card – however, the officer neglected to verify the facts in order to make the arrest.

32. The officer, claims "Color of State" with probable cause, in order to avoid the issue of the Actionable Fraud of the arrest and claims no conspiracy.

### Defendants Misconduct

33. The driver, claimed, the plaintiff, had not wanted to pay her taxi cab fee. He wrote in his affidavit "she don't want to pay". [Exhibit 1-7].

34. The defendant, did not state to the officer, that the plaintiff had called the American Express (Pre-Paid) gift Card Company, that the Plaintiff, was attempting to mediate the issue and arrive at an amicable conclusion. However, for reasons known only to the defendant they misrepresented and left those/ omitted facts.

35. The defendant B. Prevalon, had verified that the funds were available on the American Express (pre-paid) cards. The argument, between driver/supervisor was one of the topics. However, he stated "she don't want to pay", to the Law Enforcement Officer, thereby placing Orlando Police Department in a defensive persona.

36. The supervisor, misrepresented himself as a legal business venture, in the "State of Florida", he refused, to process a simplistic Gift Card Transaction, a split –transaction to collect for his Company's service.

37. The driver/supervisor/dispatcher was aware, the Plaintiff did not carry cash. That she intended to pay with the pre-paid credit cards. The Plaintiff, had contended that the non-processing of the pre-paid credit cards was intentional.

38. The arresting Officers Hall (16126), Arriage (15958), conspired with the defendant for the Plaintiff's arrest – neither of them had attempted to conduct a proper verification of the facts. They were negligent in their duties. They negligeted, to verify that any amount, was on the pre-paid credit cards.

39. Instead, the Defendants, conspired to attempt to force the plaintiff, to extort funds from her co-workers and the tenants that had gathered to watch [Exhibit 1-8, 20].

40. After failing to get the Plaintiff to extort, the officers instead of mediating a decision to pay in the a.m. During reg. banking hours, they conspired, to arrest the Plaintiff by misrepresentation and falsification.

41. Officer Hall ( 16126), intentionally misrepresented his I.C.J.S affidavit and suggested to the taxi cab driver that he follow suit.

42. Officer Hall, mentioned to the defendant, of the Plaintiffs having to only be in jail for one night- then payment of the funds in the a.m.. Thereby, indicated and he admitted was aware of the unnecessary arrest.

43. The law enforcement officer, falsified and misrepresented the various facts:

    a). The complaint address stated on the affidavit, he misrepresented as 3707 – where as the factual address 3573 Conroy Rd, ( a kidnapping had transpired at that address ), was more than 2 city blocks away.

    b). Misrepresented, was the fact the Plaintiff, had been prior to the arrival to Law Enforcement attempting to pay for service – however, she was refused. Thereby, nulling the defendant and officers claim of theft of a cab service. With or without intent.

    c). The officer, also misrepresented which arm he had touched first, in order to place *his cuff*. *He* stated the left arm first. The Plaintiff recalls the officer walking behind, grabbing her right arm first.

d). The officers, also stated the misrepresented fact of the Plaintiff, then defendant, now Plaintiff attempting to pay with a credit card. Thereby, giving the impression that the Plaintiff was not using a factual (pre-paid) credit card.

e). For added effect, the officer stated the Plaintiff attempted to walk away – when in fact she had only taken two slight steps back from where she had been standing. [See Eagle Internationals Security Camera]. She had been standing on the curb of the embankment and would have to take a step down and then turn.

f). The officers, have in some form stated to the courts, that they had been searching for the Plaintiffs "State of Florida" i.d.. However, they never attempted to search the highly visible wallet, in the plaintiffs - her back pocket. Thereby, again intentionally misleading the Courts.

44. In those instances, the defendant (all stated and documented), manufactured their versions of the evidence, that misrepresented and implicated the Plaintiff. The fabrication, of evidence, was done to unlawfully manipulate the Plaintiff, into a false unwarranted arrest. [exhibit 1-7].

The Plaintiff, was falsely implicated by means of improper suggestion and outright attempts of coercion, all of which violated Plaintiff U.S. Constitutional Rights.

45. The defendants also deliberately, failed to investigate and develop information that would have helped to establish illegal intention on the part of the defendants. Consistent with that endeavor, the defendants unlawfully suppressed information that would have thereby exonerated the Plaintiff then. Her Due Process was denied.

### The Malicious Prosecution

46. On 29 Aug 2008, the Plaintiff, was arrested for petty theft of a Taxi cab service. On 10 Sept 2008, the Plaintiff was exonerated.

47. The Plaintiff, had to spend 10 days in jail needless, due to the arrest and misrepresentation of the credit cards and other facts.

48. The defendants, intentionally misrepresented and falsified legal statements and documents.

49. The defendants, attempted to coerce the plaintiff, into extortion in order to have the cab service paid to their likeness.

50. The defendants, neglected to investigate the facts and instead chose to further violate the plaintiff by searching her Green "Publix Grocery Bag".

51. On 10 Sept 2008, the Plaintiff, was released for lack of factual evidence, stated as debatable evidence.

### Plaintiff Damages

52. At that time, the Plaintiff was arrested, she had no previous arrest and no criminal record.

53. The Plaintiff, had been gainfully employed.

54. The Plaintiff, was in the process of apartment hunting and saving to return to College.

55. The Plaintiff, was denied those important rights, however, simplistic, as well as, due to the Conspiracy against her.

Count I—42 USCA §§ 1981,1983,1985, et seq.,<br>Civil Rights Violations

56. As stated above, all the defendants while at times acting individually, jointly and in conspiracy, as well as, under color of law and within the scope of their employment. They deprived the Plaintiff, of her Constitutional right to due process – thereby, avoiding unnecessary jail exposure and a waste of an estimated $15,272.00 in related jail and court costs!

57. In the manners described more fully above, the defendants intentionally and deliberately with held steps in their investigation, fabricated and misrepresented their reports, thereby misleading and misdirecting the courts.

58. With the intentional misrepresentation, the prosecution held the Plaintiff at fault – instead of dismissing the charges at her bond hearing.

59. The defendant's misconduct, directly resulted in the Plaintiffs arrest and unnecessary loss of, the Plaintiffs, legal employment and instituted Actionable Fraud.

60. As a result of the violation of her U.S Constitutional Rights to due process and a fair trial (even if just a bond hearing).

61. The defendants engaged in misrepresentation and neglect. Thereby, betraying the Citizens of the United States.

62. The defendant's misconduct, directly resulted in the unjust delay to in due process, thereby, denying her, her U.S Constitutional Rights, to a fair hearing and exoneration and release at that time. There of indirect violation of the Due Process Clause of the 5th and 14 Amendment to the United States Constitution.

63. As a result of the violations of her U.S. constitutional Rights to a fair trial, the Plaintiff has suffered unnecessary hardship, injuries to include emotional distress and mental anguish.

64. The misconduct, described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff and her US Constitutional Rights.

65. The misconduct, described in the court, was undertaken pursuant to the policy and practice of the Orlando Police Dept., to induce wrongful convictions, through flawed investigations and allowance of coercion§§ of the officers themselves and or the other defendants. In this way, the City of Orlando violated the Plaintiff rights, by maintaing Policies and Practices, that were the motivation factors to the foregoing U.S Constitutional violations.

66. The wide spread practices, having been adversely established as to constitute de facto policy in the Orlando Police Department, are able to exist and thrive, because municipal policy makers with authority have express deliberate indifference – thereby, allowing ratifying it.

67. The widespread practices described in the proceeding paragraphs were allowed to thrive because the city declined to implement sufficient training any legitimate mechanism for over sight or punishment.

Officers are led to believe that they can act with inpertainity, thereby encouraging the very type of abuse the Plaintiff experienced – due to the City of Orlando/OPD training and discipline.

### Count II – 42 USCA§§1981,1983,1985, et seq..
### Civil Rights Violations

68. As described more fully above, all of the defendants, while acting individually, jointly, and in conspiracy as well as under color of law and within the scope of their employment caused the Plaintiff to be falsely imprisoned in violation of her U.S Constitutional Rights.

69. As a result of the violations, the Plaintiff has suffered injuries, including financial hardship however, not limited to emotional distress.

70. The misconduct described in the count was objectively unreasonable and was undertaken intentionally with malice and willful indifference to the Plaintiff U.S. Constitutional Rights.

71. The misconduct described in this Court was undertaken pursuant to the policy and practice of the Orlando Police Dept. as stated above.

### Count III 42 USCA §§1981, 1983, 1985 et seq..
### Civil Rights Violations

72. Defendant caused the Plaintiff to be misrepresented in judicial proceedings, as stated previously.

73. The legal judicial process was thwarted further by the lack of proper communication between the courts, the prosecutors and the Plaintiffs. The Plaintiff on numerous occasions attempted to contact the imprison defense/prosecution however, the calls were never connected. The Plaintiff are given inmate # to use as Identifications and her information was denied.

74. The Plaintiff also had written letters to various Judges, with that assistance and the continued attempts and clarification the plaintiff was able to maintain a form of sanity. The only calls she was able to have connected were calls to the Psychiatry liaison and the Health Services. After her 9th day the Plaintiff became more instant – she was told she would have to remain in prison for 10 days – or until bond could be arraigned, the Plaintiff not able to reach her bank and not able to trust another with her meager funds had no choice other than to remain until she was released. The Corrections officers refused to give any valid information.

75. The judicial proceeding were placed in a misrepresented mannerism and instituted further unnecessary deprivation to the Plaintiff.

76. The defendants accused the Plaintiff of a crime and criminal activity knowing that accusation to be without probable cause. They made written statements and verbal statement to City of Orlando Attorneys and Settlement Personnel indicating otherwise, with the intent of exerting illegal influence to institute and continue misrepresented and erroneous judicial proceedings.

77. The Plaintiff had been regarded as making false statement and perjured testimony toward the courts both written and verbal due to the defendants.

78. As a result of this malicious prosecution the Plaintiffs constitutional rights were violated and she suffered, is suffering financial hardship as per the defendants intent and other injuries including however, not limited to loss of liberty.

79. The misconduct described in the Court was under taken pursuant to policy and practices of the Orlando Police Department as described above. The misconduct was and is objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff U.S. Constitutional Rights.

### Count IV – 42 USCA §§1981, 1983, 1985 et seq.. Civil Rights Violations

80. In the manner described above, during the Constitutional Violations described above, one or more of the defendants – taxi cab driver, the supervisor/dispatcher via phone communication, the officers themselves stood by w/o intervening to prevent the injustice of the misconduct.

81. As a result of the defendants intentional, neglect and failure to intervene to prevent the violation of Plaintiffs U.S Constitutional Rights-the Plaintiffs suffered injury as well as emotional distress.

The defendants had a reasonable opportuntity to prevent harm, however failed to do so.

82. The misconduct described in this count was objectively unreasonable and was intentionally with willful indifference to Plaintiffs U.S Constitutional Rights.

83. The misconduct described in this count is contrary to Orlando Police Department Policy and Practice.

## Count V - 42 USCA §§ 1981, 1983, 1985, et seq.:
### Civil Rights Violations

84. Conspiracy to Deprive constitutional Rights.

85. During accusel of the taxi cab service theft, the defendant conspired to frame the Plaintiff for the non-existent crime, and thereby deprive the Plaintiff of her U.S Constitutional Rights.

86. The defendant acting in concert with other unknown co-conspirators, including persons who are not members of the Orlando Police Department, have conspired by concerted action/ pre meditation to accomplish as unlawful purpose purposes all by an unlawful means.

87. To further the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

88. As a direct and proximate result of the criminalistic act, the Plaintiff rights were violated. She as previously stated, she has suffered $27,000.00 in financial damages, as well as, emotional distress and anguish. The statements of the defendants, regarding the Plaintiffs alleged crime, were made with knowledge were made with knowledge that said statements ere false and perjured.

89. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

90. As a result of the misconduct, the Plaintiff sustained and continues to sustain suffering.

### Count VII - - State Law Claim Intentional Infliction of Emotional Distress

91. The acts and conduct of the Defendant as set forth were done so with extreme disregard and outrage. The defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause sever emotional distress to the Plaintiff.

92. The aforementioned actions and misconduct did and has directly and proximately caused intentional infliction of emotional distress – as per part of its initial intent.

93. Malice, willfulness, reckless indifference to the rights of others due to the misconduct was a direct if not proximal intent of the misrepresentation.

94. The Plaintiff suffered and is suffering damages, as a direct and proximate result of the defendant as a direct and proximate result of the defendant's wrongful acts. As previously stated due to the misprestation and wrongful acts the Plaintiff had undergone emotional distress.

95. The Plaintiff having been the victim of various in the past highly resents the harm and distress and damage.

### Count VII – State Law Claim
### Civil Conspiracy

96. Defendants acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish unlawful acts directly as a result of the misrepresentation of the arrest.

97. The defendants have committed overt acts infutherthance of the conspiracy – other willful participants in joint activity.

98. The misconduct, described in the Count had proceeded with malice, willfulness and reckless indifference to the rights of others.

99. As a result of the defendants conspiracy the Plaintiff suffered damages, to include emotional distress and financial hardship and burden.

<u>Count IX State Law Claim</u>
<u>Respondent Supervisor</u>

100. In committing the acts alleged in the proceeding Plaintiff, each of the defendants officers were/are members and agents of , the Orlando Police Department-City of Orlando- acting at all relevant times with in the scope of employment and under Color of Law.

101. The Defendants City of Orlando is liable as principal of all torts committed by its agents.

102. The defendants Asley Horen Underwood being or having been the employer of B. Prevalon and the dispatcher/supervisor on the night of  29 Aug 2008, is liable as principal for all torts committed by its agents, irregardless of the impressions given.

<u>Count X State Law Claim Indemnification</u>
<u>Sec 768.28 Florida Statues</u>

103. Florida State Law Sec. 768.28 provides that public entities are directed to pay any tort judgment, for compensatory damages, for which employees are liable within the scope of their employment actives.

104. The defendant's officers are and were employees of the City of Orlando, who acted within the scope of their employment in committing the misconduct described herein.

The defendants B. Prevalon,  and dispatcher/supervisor of Ace Cab Company/Quick Cab Company on the night of (29 Aug 2008), are and were employees of Ashley H. Underwood and Ashtin Leasing Inc. who acted with the scope of their employment in committing the misconduct described herein.

Wherefore, Plaintiff Mariam Malone Colette Martinez (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), respectfully requests that the Court enter Judgment in her favor, against defendants, City of Orlando, Orlando Police Department, Officers Y.C Hall (161   ), Arriage (      ). Ashley H. Underwood, Ashtin Leasing Inc.. Ace Cab Company/ d/b/a Quick Cab Company, B. Prevalon and the supervisor/dispatcher on the night of (29 Aug 2008), awarding compensatory damages, costs attorney fees where applicable along with punitive damages against each of the individual defendants in their individual capacities, as well as, an other relief the Court deems appropriate. Otherwise Plaintiff is requesting a jury trial.

To assist the courts in their decision the Plaintiff would like to cite the following:

Pulte Home Corp. v. Osmose Wood Preserving Inc. 60F 3d 734(11th Cir 1995).

The case is in re of intentional misrepresentation of a public product. The wood preserving company had sold the builder a chemical treated wood in order to prevent fires, however, the wood had done the contrary.

U.S v. Tawanda Mc Neil

The defendant was an Orange County employee who had been indicted and convicted on misconduct, official corruption and embezzlement.

U.S v. R. Myron Stevenson

The defendant was a Law Enforcement officer indicted in official misconduct, official corruption, bribes, blackmail and extortion.

U.S v. R. Lestin

A law enforcement officer indited on narcotic trafficking and Police misconduct.

U.S. v. Fredrick Currie

The defendant was a Police Officer alleged of misconduct and Narcotics trafficking.

Case # Unknown.

U.S. v. Joselito Domingo Case # 09-cr-416

The defendant is an employee of a Gov. Eng. Firm and was indicted on charges of official corruption demand, sought to receive and accept and agreed to receive things of value. Official misconduct, by extortion bribes and blackmail.

Cage v. City of Chicago 09-cv-0378

False Arrest.
The defendant was jailed for 12 years after having been intentionally misrepresented, by falsified evidence and documentation, Police misconduct.

Hamilton v. City of Chicago 09-cv-3052

False Arrest, the defendant was at work and a police officer and she were in the middle of a cash register transaction, when the officer cuffed the Plaintiff with no probable cause.