**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIAM MALONE COLETTE MARTINEZ,**

    **Plaintiff,**

**-vs-**           Case No. 6:09-cv-802-Orl-22GJK

**CITY OF ORLANDO, et al.,**

    **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)** |
| **FILED:** | May 11, 2009 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part and the second amended complaint be dismissed without prejudice as to all counts other than I-III and as to all Defendants other than the Officers.

## I. BACKGROUND

On May 11, 2009, *pro se* Plaintiff Mariam Malone Colette Martinez ("Martinez") instituted this action by filing a complaint against the following defendants (collectively, the "Defendants"): the City of Orlando (the "City"); the Orlando Police Department ("OPD"); Ashtin Leasing Inc., Ace Metro Cab Company, Quick Cab Company (collectively, the "Cab Company"), Ashley Horan Underwood ("Underwood"), and the cab driver Bruisset Prevalon ("Prevalon"); and OPD Officers Hall and Arriage (collectively, the "Officers"). Doc. No. 12. On the same day, Martinez filed a motion (the "Motion") seeking leave to proceed *in forma pauperis*. Doc. No. 3. On June 4, 2009, Martinez filed an amended complaint alleging the same facts and violations. Doc. No. 8. On June 22, 2009, Martinez filed a second amended complaint (the "Complaint") alleging substantially the same facts, but adding new claims. Doc. No. 12.

On August 28, 2008, Martinez alleges she hailed a cab owned by the Cab Company to drive her to work. Doc. No. 12 at 3 ¶¶ 17-8. Martinez alleges that before departing she confirmed that the Cab Company would accept a prepaid American Express gift card as payment. Doc. No. 12 at 3 ¶ 17. Upon arrival at her place of employment, the driver called his dispatcher to run the prepaid card but the transaction failed. Doc. No. 12 at 3 ¶¶ 19-20. Martinez called American Express, verified that the card contained the needed funds, and she alleges that American Express instructed that she have a portion of the cab fare charged to each of her two American Express cards. Doc. No 12 at 3-4 ¶¶ 21-26. Martinez alleges she instructed the Cab Company

dispatcher to split the charge as suggested by American Express. Doc. No. 12 at 4 ¶¶ 21-26. However, the dispatcher declined to do so. Doc. No. 12 at 5 ¶ 37.

Martinez alleges Officer Hall attempted to force her to "extort" funds from her coworkers to pay for the cab, but she refused. Doc. No. 12 at 4 ¶ 31. Martinez alleges that, instead of allowing her to pay in the morning, the Defendants "conspired to arrest the Plaintiff by misrepresentation and falsification." Doc. No. 12 at 5 ¶40. According to Martinez, the Officers arrested her for failure to pay the cab fare, and she was jailed for 10 days. Doc. No. 12 at 4 ¶¶ 29, 47. In the Complaint, Martinez alleges that the Officers misrepresented the following facts in the arrest affidavit: 1) the exact location of the incident, which Martinez claims was two city blocks from the address given; 2) the Officers did not adequately convey that Martinez tried to pay for the cab fare before they arrived; 3) the Officers misstated which arm was handcuffed first; 4) the Officers gave the impression Martinez tried to pay with a credit card, rather than a prepaid gift card; 5) the Officers stated she attempted to walk away when she only took two steps back; and 6) the Officers claimed they looked for her Florida Identification, but they did not look in her back pocket. Doc. No. 12 at 5-6 ¶ 43.

Martinez alleges she "suffered $27,000 in financial damages, as well as, emotional distress and anguish," and seeks compensatory damages, attorney's fees, and punitive damages. Doc. No. 12 at 10, 11 ¶ 88, 104. The Complaint consists of nine counts: Counts I through V are all titled "42 USCA §§ 1981, 1983, 1985, et seq. Civil Rights Violations"; Count VI is titled "State Law Claim Intentional Infliction of Emotional Distress"; Count VII is titled "State Law

Claim Civil Conspiracy"; Count VIII is titled "State Law Claim Respondent Supervisor"; and Count IX is titled "State Law Claim Indemnification [Section] 768.28 Florida [Statutes]." Doc. No. 12 at 7-11.[1]

## II. THE LAW

### A. The Statute and Local Rules

The district court reviews a civil complaint filed *in forma pauperis* and must dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915 (2006).[2] The mandatory language of Section 1915 applies to all proceedings *in forma pauperis* and provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2006) (formerly § 1915 (d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. The Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a).

---

[1] Although there are only nine counts in the Complaint, the counts are numbered Count I, II, III, IV, V, VII, VII, IX, and X. Doc. No. 12 at 7-11. For simplicity, the Court has renumbered the Counts in order. Thus, the first Count VII in the Complaint (intentional infliction of emotional distress, Doc. No. 12 at 10 ¶¶ 91-95) is now Count VI; Count IX in the Complaint (respondeat superior, Doc. No. 12 at 11 ¶¶ 100-02) is now Count VIII; and Count X in the Complaint (indemnification, Doc. No. 12 at 11 ¶¶ 103-04) is now Count IX. All other counts remain numbered as they were in the Complaint.

[2] Section 1915(a)(1) of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[3] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in

The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or fails to state a claim under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.* Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness even if the complaint states a claim for relief. *Clark*, 915 F. 2d 639, 639-40. For example, a Section 1915 dismissal may be appropriate if an affirmative defense would defeat the action. *Id*. at 640. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Id*.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is

---

good faith. 28 U.S.C. § 1915 (a)(3).

frivolous. *Clark,* 915 at 639; *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[4] Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

  B. <u>Federal Rule of Civil Procedure 8</u>

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or difference types of relief. Fed.R.Civ.P. 8 (2008). Rule 8 requires that a pleading be simple, concise and direct. *Id.* Furthermore, Rule 8 requires that the complaint apprise each defendant of the charges against him individually. *Outridge v. Quality Recovery Servs., Inc*., Case No. 6:06-cv-1866-Orl-31JGG, 2007 WL 1521513, at * 4 (M.D. Fla. May 22, 2007).

"Even under Fed. R. Civ. P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." *Ramirez-Figueroa v. Polk County Sheriff's Office*, Case No. 8:06-CV-2161-T-30TBM, 2007 WL 1752599 (M. D. Fla. June 15, 2007). To satisfy Rule 8, a complaint must contain "more than

---

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a

6

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Eleventh Circuit Court of Appeals recently held that:

> A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001). Pleadings of this nature are prohibited by Rule 8(a)(2). . . .

*Lampkin-Asam v. Volusia Co. School Bd.*, 261 F. App'x 274, 277, 2008 WL 80708 (11th Cir. Jan. 9, 2008).

### III. APPLICATION

#### A. Counts I through V (Civil Rights Violations Pursuant to 42 U.S.C. §§ 1981, 1983, and 1985)

##### 1. Counts I, II, and III (false arrest, false imprisonment, and malicious prosecution)

Martinez alleges the Defendants deprived her of due process by withholding steps in their investigation, fabricating and misrepresenting their reports, and misleading the courts. Doc. No. 12 at 7 ¶¶ 56-7. Martinez alleges false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. §§ 1981, 1983 and 1985. Martinez does not specify how the Defendants violated her due process rights. However, she alleges the Defendants caused her to be jailed, and to remain in jail longer than necessary. Doc. No. 12 at 7 ¶¶ 56-62. Therefore, the Court construes her Complaint as alleging a Section 1983 due process claim stemming from the alleged false arrest, false imprisonment, and malicious prosecution.

---

claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

The Fourteenth Amendment's substantive due process right protects persons from the arbitrary exercise of governmental power. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process reflects "the right to be free of state intrusion into realms of . . . bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience of a court." *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980). "Only the most egregious official conduct" will constitute a constitutional violation. *Smith v. Campbell*, 295 Fed. Appx. 314, 318 (11th Cir. 2008). To succeed in establishing a Section 1983 claim, Plaintiff must demonstrate an injury amounting to a deprivation of her constitutional rights; it must be an injury that literally shocks the conscience of the Court. The inquiry hinges on the "objective reasonableness or unreasonableness of the officers' conduct rather than on the subjective state of mind of the suspect." *Id.*

The Officers possess qualified immunity unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003). The Court uses a two-part inquiry to determine whether a police officer may invoke qualified immunity. *Case v. Eslinger*, 555 F.3d 1317, 1325-26 (11th Cir. 2009) (citing *Pearson v. Callahan*, 129 S. Ct. 808 (2009)). The Court first examines whether, taken most favorably to the party asserting the injury, the facts alleged show the police officer's conduct violated a constitutional right. *Eslinger*, 555 F.3d at 1326. Although a warrantless arrest without probable cause may give rise to a constitutional violation and a Section 1983 claim, the existence of probable cause at the time of arrest constitutes an absolute

bar to a Section 1983 action for false arrest or false imprisonment. *Id*. at 1326-27, 1330.[5] If an officer lacks probable cause, the officer may still be shielded from liability if "arguable probable" cause to arrest existed. *Id*. at 1327. Arguable probable cause exists where a reasonable officer in the same circumstances and possessing the same knowledge could have believed probable cause existed to make an arrest. *Id*. If the facts alleged show the officer violated a constitutional right, the second inquiry is whether that right was "clearly established." *Id.*[6]

As set forth above, Martinez's claim may be dismissed under Section 1915 if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915. A complaint must "state a claim for relief that is plausible on its face" and not merely conceivable. *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is liable. *Iqbal*, 129 S. Ct at 1949.[7] Therefore, to proceed *in forma pauperis* Martinez must have alleged facts that plausibly show the Officers violated her Fourth and Fourteenth Amendment rights.

Under Florida law, property which is subject to theft under Section 812.014(1)(a), Florida Statutes, includes services, and a cab ride is a service. *Eutzy v. State*, 458 So.2d 755, 758 n.1

---

[5] Whether the Officers had probable cause is also the key issue for claiming false arrest and malicious prosecution pursuant to Section 1983. *See Eslinger*, 555 F.3d at 1330 (stating where an officer lacks probable cause to make an arrest, the arrestee has a claim under Section 1983 for false imprisonment); *Skop*, 485 F.3d at 1144-45 (stating that probable cause is a necessary element of a Section 1983 malicious prosecution claim).

[6] Although the Supreme Court has ruled that the two-part qualified immunity inquiry does not have to be stringently applied, a court may still apply the inquiry when that "order of decisionmaking will best facilitate the fair and efficient disposition of the case." *Id*. In this case, the two-part inquiry fosters a fair and efficient application of the law to the facts.

[7] Although there is no case law applying Rule 12(b)(6), Fed.R.Civ.P., plausibility standard from *Twomby* to a Section 1915(B)(ii) claim, the Eleventh Circuit has held that, because the language in Section 1915 closely tracks

(Fla. 1984). The statute provides that a person commits theft if she knowingly uses the property of another with intent to either temporarily or permanently deprive the other person of the property or a benefit from the property. Fla. Stat. § 812.014(1)(a).

In the Complaint, Martinez states she confirmed that the Cab Company would accept an American Express prepaid gift card; that she called American Express to verify available funds on the card; and that she offered to pay with two American Express prepaid cards cards, but that the Cab Company refused to process them. Doc. No. 12 at 3-4 ¶¶ 17-26. Reading the Complaint in her favor and accepting her allegations as true, it appears the Plaintiff fully intended to pay the cab fare. Allegedly, Plaintiff was not attempting to engage in theft of the cab service. "A warrantless arrest without probable cause violates the constitution and forms the basis for a section 1983 claim." *Smith*, 295 Fed. Appx. at 319. Thus, accepting the Complaint as true, the arrest of the Plaintiff under the alleged circumstances would shock the conscience of the Court. Accordingly, it is recommended that the Court find the Plaintiff has alleged facts to assert a Section 1983 substantive due process claim.

As to the first step in the Qualified Immunity analysis, accepting Martinez's allegations as true, the undersigned recommends that the Court find that Martinez has alleged facts that tend to show that the Officers lacked probable cause, or arguable probable cause, to arrest Martinez for theft of a taxi cab service. More specifically, Martinez alleged she intended to pay for the taxi cab services and verified she could do so with her American Express prepaid card(s). Viewed in

---

that of 12(b)(6), the 12(b)(6) standard would be used to evaluate the sufficiency of a claim under Section 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1489-1490 (11th Cir. 1997).

a light most favorable to Martinez, these allegations tend to show she lacked the intent to deprive the Cab Company of payment for its services. As to the second step of the qualified immunity analysis, the Eleventh Circuit has held that an arrest made without arguable probable cause is a clearly established violation of the Fourth Amendment. *Skop v. City of Atlanta*, 485 F.3d 1130, 1144 (11th Cir. 2007). Therefore, the undersigned recommends the Court find that Martinez has stated a cognizable claim to proceed *in forma pauperis* against the Officers in Counts I through III.

Martinez also alleges the misconduct leading to her arrest is part of the policies and practices of the OPD and the City. Doc. No. 12 at 7 ¶¶ 65-6. The OPD and the City may only be held liable if their official policies, customs, or practices caused the constitutional violation. *See Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003); *Jones v. Cannon*, 174 F.3d 1271, 1292 (11th Cir. 1999). To proceed against a governmental entity Martinez must allege either: 1) an officially promulgated policy adopted by the governmental entity or 2) an unofficial custom or practice shown through the repeated acts of a final policymaker for the governmental entity. *Grech*, 335. F.3d at 1329. Under either avenue, Martinez must further allege: 1) the local government entity has authority over the governmental function at issue; and 2) which officials speak with final policymaking authority for that local governmental entity concerning the act that allegedly caused the constitutional violation at issue. *Id*. at 1330 (*citing Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989)). To state a cause of action against the City and the OPD, Martinez must allege each of the preceding elements as to each entity.

The facts Martinez has alleged do not sufficiently allege a plausible policy, custom, or practice that caused the alleged constitutional violation at issue, and Martinez has failed to allege the other elements outlined above, which are necessary to proceed against the City and the OPD. What she has alleged amounts to little more than bare legal conclusions. *See* Doc. No. 12 at 7 ¶ 66 (alleging the OPD's wide-spread practices constitute a de facto policy, which the municipal policymakers have ratified through their indifference); *see also Ramirez-Figueroa*, 2007 WL 1752599, at *3 (stating Rule 8 requires a complaint to contain allegations concerning each essential element, and must allege more than bare legal conclusions). Therefore, as to Counts I through III against the City and the OPD the undersigned recommends the Court **DENY** the Motion and dismiss the Complaint.

2. Count IV (titled "42 USCA §§ 1091, 1983, 1985, et seq . . .")

Martinez alleges one or more of the Defendants stood by without intervening to prevent injustice, and as a result of the Defendants' "intentional neglect and failure to intervene," Martinez suffered emotional distress. Doc. No. 12 at 9 ¶¶ 80-1. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke,* 490 U.S. at 325. The Court cannot construe Count IV as stating a claim with an arguable basis in law.[8] Furthermore, Count IV makes generic allegations against all Defendants and, therefore, fails to apprise each defendant of the claim against him individually. *See Outridge*, 2007 WL 1521513,

---

[8] To the extent Count IV mentions emotional distress, it will be considered with Count VI (intentional infliction of emotional distress).

at * 4. Thus, the undersigned recommends that as to Count IV the Court **DENY** the Motion and dismiss the complaint.

        3.      Count V (conspiracy pursuant to Section 1985)

Martinez alleges "the Defendant" conspired to frame her for "the non-existent crime" and, thus, deprive her of her constitutional rights. Doc. No. 12 at 10 ¶ 85. In order to state a claim for civil conspiracy under Section 1985(3) Martinez must allege that two or more of the Defendants conspired to deprive her of equal protection of the laws, the Defendants perpetrated an act in furtherance of the conspiracy, and she was injured as a result. *Trawinski v. United Technologies*, 313 F.3d 1295, 1299 (11th Cir. 2002).

> The purpose of § 1985 was to stifle the serious class-based deprivation of constitutional rights by private parties, not to serve as a general federal tort law, and, as such, a claim under § 1985(3) requires the proof of invidious discriminatory intent as well as the violation of a serious constitutional right protected not just from official, but also from private encroachment.

*Id.* Martinez has not alleged she is a member of a protected class or that she encountered any discrimination by the Defendants and, therefore, her ultimate chances of success are slight. *See Clark*, 915 F.2d at 639. Moreover, the Complaint merely states "the [D]efendant" and "other unknown coconspirators" conspired to frame Martinez, and as such does not state which of the Defendants Martinez seeks to bring the conspiracy claim against, or what overt acts they allegedly committed. Doc. No. 12 at 10 ¶¶ 84-8. To satisfy Rule 8 a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Martinez never attempts to make

individualized claims against the Defendants, but simply lumps them all together, sometimes referring to only "the [D]efendant." Such generic allegations are not sufficient to give the Defendants fair notice of the claims against them individually. *See Twombly,* 550 U.S. 544, 555; *Outridge*, 2007 WL 1521513, at * 4. Martinez has not alleged facts which satisfy the elements of civil conspiracy and, therefore, does not state a claim under Rule 8. Thus, the undersigned recommends that as to Count V the Court **DENY** the Motion and dismiss the Complaint.[9]

B. <u>Count VI (intentional infliction of emotional distress)</u>

Martinez alleges the Defendants intentionally caused her severe emotional distress. Doc. No. 12 at 10 ¶¶ 91-5. The elements of the tort of intentional infliction of emotional distress are: 1) the wrongdoer's conduct was intentional or reckless, that is, he knew or should have known that emotional distress would likely result; 2) the conduct was outrageous as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; 3) the conduct caused emotional distress; and 4) the emotional distress was severe. *Gallogly v. Rodriguez*, 970 So. 2d 470, 471 (Fla. 2d DCA 2007).

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an

---

[9] Although Martinez fails to state which Count or set of facts relate to Section 1981, she repeatedly cites it. Therefore, for purposes of completeness, the Court will address this statute. To support a claim under Section 1981 Martinez must allege "(1) that the she is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Kinnon v. Arcoub, Gopman & Assoc., Inc*. 490 F.3d 886, 891 (11th Cir. 2007). Martinez has not alleged any of these facts, and therefore, she has not stated a plausible claim pursuant to 42 U.S.C. Section 1981.

average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Gallogly*, 970 So. 2d at 472. Even accepting Martinez's allegations as true, the Defendants' conduct does not appear to be so atrocious or intolerable as to go beyond all possible bounds of indecency. Furthermore, Martinez fails to give Defendants any hint of the actions she claims each individual defendant took, which she claims caused her emotional distress. Thus, the undersigned recommends that as to Count VI, the Court **DENY** the Motion and dismiss the Complaint.

      C.      <u>Count VII (stat law civil conspiracy claim)</u>

Martinez alleges Defendants acted with unknown co-conspirators to conspire to accomplish unlawful acts as a result of the arrest; that Defendants committed overt acts in furtherance of the conspiracy; and that, as a result, she suffered damages including emotional distress and financial hardship. Doc. No. 12 at 11 ¶¶ 96-9.

To state a claim for conspiracy under Florida law Martinez must allege: 1) an agreement between two or more people; 2) to do an unlawful act, or a lawful act by unlawful means; 3) the doing of some overt act in pursuance of the conspiracy; and 4) damages to the plaintiff as a result of acts performed. *United Technologies Corp., v. Mazer,* 556 F.3d 1260, 1271 (11th Cir. 2009) Martinez simply alleges the legal elements of civil conspiracy in conclusory fashion, and fails to allege any facts that support such allegations. She fails to allege which Defendants participated in the conspiracy, what agreement they had, what unlawful act or lawful act by unlawful means they conspired to do, or what overt act they perpetrated. Again, Martinez generically refers to

either "the Defendant" or "the defendants" but never alleges what her claims are against each defendant individually. Martinez has not sufficiently stated a cause of action for conspiracy to proceed under 28 U.S.C. Section 1915. Therefore, the undersigned recommends that as to Count VII the the Court **DENY** the Motion and dismiss the Complaint.

      D.      <u>Count VIII ("Respondent Supervisor")</u>

Martinez alleges the Officers were working within the scope of their employment as agents of the OPD and, therefore, the City is liable "for all torts committed by its agents." Doc. No. 12 at 11 ¶¶ 100-01. "A [city's] liability under § 1983 may not be based on the doctrine of respondeat superior." *Grech*, 335 F.3d at 1329 (*citing City of Canton v. Harris,* 489 U.S. 378 (1989)). A county may only be held liable when its "official policies" have caused the constitutional violation. *Grech*, 335 F. 3d at 1329. Therefore, Martinez cannot proceed in forma pauperis against the City based on the doctrine of respondeat superior.

Martinez also alleges Underwood, as the employer of the Cab Company employees, is liable for all torts committed by agents of the Cab Company. Doc. No. 12 at 11 ¶ 102. However, Martinez fails to adequately allege any specific underlying tort against the Cab Company's employees. Doc. No. 12 at 11 ¶¶ 100-02.[10] Because Martinez should not be allowed to proceed *in forma pauperis* against the Cab Company employees, she should not be allowed to proceed against Underwood based on the doctrine of respondeat superior. Therefore, the undersigned

---

[10] Martinez's only substantive claims alleged against the Cab Company employees are contained in Counts IV through VII, which contain generic allegations against all Defendants. For reasons set forth above, each of those Counts fails to state a cause of action.

recommends that as to Count VIII the Court **DENY** the Motion and dismiss the Complaint.

      E.      <u>Count IX (indemnification pursuant to Fla. Stat. § 768.28)</u>

Relying on Florida's statute waiving sovereign immunity, Fla. Stat. § 768.28 (2009), Martinez alleges the officers are employed by the City and acted within the scope of their employment in committing the misconduct described in the Complaint. Doc. No. 12 at 11 ¶¶ 103-4. However, Martinez fails to allege acts for which the Officers should be indemnified pursuant to the statute.

Martinez also alleges the Cab Company employees were acting within the scope of their employment in committing the misconduct described in the Complaint. Doc. No. 12 at 11 ¶¶ 103, 104. However, she fails to allege the Cab Company is a government entity to which the sovereign immunity statute applies. Doc. No. 12 at 11 ¶¶ 103-04.

Indigence does not create a right to expend public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785. Therefore, the undersigned recommends that as to Count IX the Court **DENY** the Motion and dismiss the Complaint.

## IV.    <u>CONCLUSION</u>

Martinez has submitted two amended complaints and still has not complied with the pleading requirements of Rule 8 as the majority of her claims.[11] Based on the forgoing, the undersigned recommends that the Court:

1. Grant the Motion (Doc. No. 3) as to Counts I, II, and III against the Officers;

2. Dismiss the Complaint (Doc. No. 12) without prejudice, and deny the Motion (Doc. No. 3) as to Counts I, II, and III against the City and the OPD; and

3. Dismiss the Complaint (Doc. No. 12) without prejudice and deny the Motion (Doc. No. 3) as to Counts IV, V, VI, VII, VIII, and IX.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 25, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Unrepresented Party by Certified Mail

---

[11] The undersigned notes that the Complaint was difficult to follow. Still, reading the Complaint in a light most favorable to Martinez, and accepting all of her allegations as true, the Complaint may fairly be construed as stating a plausible cause of action against the Officers but only as to Counts I-III.